IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 4:11-cv-00010-D

| TESHIA DENISE JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **AGREED PROTECTIVE ORDER** |
| | ) | **FOR THE PROTECTION OF** |
| BREG, INC., | ) | **CONFIDENTIAL INFORMATION** |
| | ) | **AS MODIFIED** |
| Defendant. | ) | |

## ORDER

WHEREAS, the parties hereto have stipulated to the signing and entry of this Confidentiality Agreement for the Discovery of Confidential Information ("Confidentiality Agreement" or "Agreement"), and for good cause shown, IT IS HEREBY AGREED that each of the parties and their respective counsel shall be governed by the following terms and conditions concerning Confidential Information in the above-captioned action and the parties acknowledge all provisions are subject to FRCP 26(c)(1)(G).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Agreed Protective Order applies to all confidential Discovery Material produced by any party pursuant to the requirements of any court order, or pursuant to requests under the applicable Federal Rules of Civil Procedure, including but not limited to, documents and other products of discovery, and all information derived thereof, answers to Requests for Admissions, Answers to Interrogatories and Requests for Production of Documents, documents subpoenaed and transcripts of depositions where the party has designated the contents to be or to contain confidential, proprietary or trade secret information. (hereafter "Confidential Discovery Material".)

2. The parties have agreed that Confidential Discovery Material will be used only

1

in the above-captioned lawsuit ("this lawsuit"), including any appeals of this Litigation. Confidential Discovery Material will not be disclosed except in accordance with paragraph 3 below.

3. Confidential Discovery Material shall not be disclosed to anyone other than the following categories of persons:

    a. The parties' counsel, including any attorneys and their staff who are assisting in connection with this lawsuit;

    b. The Court (including courts of review)

    c. Court reporters and videographers;

    d. Retained experts, advisors and consultants.

        (i). If any party or his counsel wishes to disclose Confidential Discovery Material to an expert, advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or consultant of any entity that is presently engaged in the research for the purpose of development, development, manufacture or sale of any product that competes with the products manufactured or distributed by defendant BREG, INC., said party's counsel shall promptly so notify counsel and provide a copy of the expert's resume before disclosing any Confidential Discovery Material to that expert, advisor or consultant.

        (ii). Within five (5) business days of receiving such notification, counsel shall advise the notifying party's counsel of any objections to the disclosure of Confidential Discovery Material to that expert, advisor or consultant.

        (iii). If an objection is made and not resolved by the parties, the party objecting to disclosure shall apply to the Court in writing in support of that objection within seven (7) business days of the objection. Under no circumstances shall Confidential Discovery Material be disclosed to said expert,

2

Case 4:11-cv-00010-D   Document 34   Filed 10/20/11   Page 2 of 8

advisor, or consultant unless and until the parties resolve the matter, the objection is withdrawn, or the Court permits its disclosure.

e. The author or recipient of the Confidential Discovery Material.

f. The Jury

g. Mediators, Arbitrators or any other neutral in connection with Alternative Dispute Resolution.

h. Any person whose testimony has been noticed or subpoenaed, or who has been designated as a witness at a deposition or at trial.

4. Any person who is a retained expert, advisor or consultant pursuant to Paragraph 3(d) or is designated as a witness pursuant to Paragraph 3(f) shall be given a copy and shall sign this Agreed Protective Order in the space provided on **Exhibit A** before receiving or being shown and Confidential Discovery Material. By signing the Agreed Protective Order, that person agrees to be bound by the terms of the order. The counsel obtaining the signature on **Exhibit A** shall retain the signed copy while this lawsuit and any appeal from it is pending.

5. Any party may designate as confidential any material containing trade secrets or other confidential or proprietary research, development, manufacturing, complaint, marketing sales, commercial information or other sensitive material ("Confidential Discovery Material".)

6. a. If the Confidential Discovery Material is in a writing, before producing the writing, the producing party will stamp the document with the following language:

> **THIS CONFIDENTIAL DOCUMENT BELONGS TO (INSERT PARTY NAME) AND IS PRODUCED PURSUANT TO A PROTECTIVE ORDER IN THE CASE OF TESHIA JOHNSON V. BREG, INC., UNITED STATES DISTRICT COURT FOR THR EASTERN DISTRICT OF NORTH CAROLINA CASE NO. 4:11-cv-00010-D THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND MAY ONLY BE USED, DISSEMINATED AND REPRODUCED IN ACCORDANCE WITH THE TERMS OF THE PROTECTIVE ORDER**

3

b. In the case of deposition testimony, confidentiality designations shall be made within thirty (30) days after the transcript has been received by counsel making the designation, and shall specify the testimony being designated confidential by page and line number(s). Until the expiration of such 30-day period, the entire text of the deposition testimony and exhibits thereto shall be treated as confidential under this Agreed Protective Order. After the expiration of the 30-day period, only the specific page(s) and line number(s) and exhibits, designated as being confidential, if any, shall be treated as confidential.

c. In the event that a party inadvertently fails to designate Discovery Material as confidential, That party may make such a designation later by notifying all parties to whom such Discovery Material was produced, in writing, as soon as practicable. After receipt of such notification, the parties to whom production has been made shall treat the designated Discovery Material as confidential.

7. Disclosure of Confidential Discovery Material other than in accordance with the terms of this Agreed Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

8. a. If at any time a party wishes to dispute the designation of Discovery Material as confidential, such party shall notify the designating party of such dispute in writing, specifying the Discovery Material in dispute and the nature of the dispute. If within seven (7) business days of receiving such written notice the parties are unable to resolve the dispute, the disputing party may apply to the Court for relief by written motion on notice challenging the validity of the claim of confidentiality for the Discovery Material.

b. All Discovery Material designated confidential by any party shall retain that designation and be treated as confidential unless and until:

(i). That party agrees in writing to withdraw the confidentiality designation; or
(ii). The Court rules that the Discovery Material is not entitled to confidential status.

9. The entry of this Protective Order shall be without prejudice to the rights of the parties, or anyone of them, or of any non-party to assert or apply for additional or different

4

protection at their discretion.

10. The terms of this Order shall survive and remain in effect after the termination of this lawsuit. The parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Discovery Material, through inadvertence or otherwise, after the conclusion of this case. In the event of a change in counsel, retiring counsel shall advise new counsel of the existence of a Protective Order and provide new counsel with a copy of the Protective Order.

11. Within thirty (30) days of the termination of this case, including all appeals, the parties shall return to counsel all Confidential Discovery Material in the manner originally produced and all copies, reproductions, images, summaries or memoranda concerning the contents thereof. Alternatively, the parties may agree upon appropriate methods of destroying all such documents.

12. Inadvertent production of documents subject to the work-product privilege, attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the privilege provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof shall be returned to the producing party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial

13. This Order does not restrict or limit the use of Confidential Discovery Material at any hearing or trial and does not prevent any party from seeking an appropriate protective order to govern such use of Confidential Discovery Material at a hearing or trial.

14. This Confidentiality Agreement may be signed in counterparts.

///

///

///

5

AGREED AS TO FORM ONLY:

| WATTS GUERRA & CRAFT, LLP | MORRIS POLICH & PURDY, LLP |
|---|---|
| By _____ | By _____ |
| William J. Majberger | Michael J. Hurvitz |
| Attorney for Plaintiff | Attorney for Breg, Inc. |

6

Case 4:11-cv-00010-D   Document 34   Filed 10/20/11   Page 6 of 8

This the 18th day of October, 2011.

/s/ Leslie C. Packer
Leslie C. Packer (N.C. Bar No. 13640)
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
*Attorney for Defendant Breg, Inc.*

/s/ Carmaletta L. Henson
Carmaletta L. Henson (N.C. Bar No. 26494)
Henson & Fuerst, P.A.
P.O. Box 7008
Rocky Mount, NC 27804
Telephone: (252) 443-2111
Facsimile: (252) 443-9429
carma@lawmed.com
*Attorney for Plaintiff Teshia Denise Johnson*

7

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The court hereby APPROVES and ADOPTS this Agreed Protective Order for the Protection of Confidential Information, subject to the following modifications:

The provisions of Local Civil Rule 79.2, E.D.N.C. regarding sealed documents shall supersede any contrary terms above, including any such terms in Paragraph 8. Any person submitting documents under seal pursuant to this Agreed Protective Order shall submit with them a motion to seal and shall otherwise comply with Local Civil Rule 79.2. The motion shall be accompanied by a supporting memorandum showing that the documents may properly be sealed. *See, e.g., Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1 notwithstanding any contrary terms above, including any such terms in Paragraph 11.

SO ORDERED, this the 20 day of October 2011.

James E. Gates
United States Magistrate Judge