IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
4:11-CV-10-D

| | | |
|---|---|---|
| TESHIA DENISE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BREG, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 36) of defendant, Breg, Inc., to reopen the deposition of Alison G. Vredenburgh, Ph.D., an expert identified by plaintiff Teshia Denise Johnson, and to compel her to answer questions she refused to answer at her deposition on 5 October 2011 concerning the identity of her medical device manufacture clientele, the medical devices on which she has consulted as to design aspects, and the designs she has recommended for each of these medical devices. Plaintiff, Teshia Denise Johnson, filed no response to the motion.

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield*

*Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

The court finds that the information sought by defendant is relevant. It relates to Dr. Vredenburgh's qualifications as an expert and her potential bias. *See, e.g., Chambers v. Nationwide Mut. Ins. Co.*, Civ. Act. No. 5:00CV204, 2002 WL 34364960, at *1 (N.D. W. Va. 14 Mar. 2002) (holding that discovery from experts includes impeachment material); *U.S. Surgical Corp. v. Orris, Inc.*, 983 F. Supp. 963, 969 (D. Kan. 1997) (upholding magistrate judge's order compelling consultant to answer deposition questions regarding her consulting experience on the grounds that they were relevant to her qualifications where, as here, the consultant relied on such experience as a basis for her expertise). While the information sought may be confidential, it is not privileged. *Fed. Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979) (recognizing the absence of any absolute privilege for trade secrets or similar confidential information); *U.S. Surgical Co.*, 983 F. supp. at 969 ("[T]here is no recognized consultant-client privilege."). Thus, Dr. Vredenburgh has no right to refuse to answer the questions at issue under Fed. R. Civ. P. 30(c)(2), which allows a deponent to refuse to answer questions to preserve a privilege. Moreover, the court has entered a consent protective order, with modifications, whose provisions can be invoked as appropriate with respect to the deposition testimony defendant seeks. (*See* Agreed Protective Order (D.E. 34), *e.g.*, ¶ 6(b) (providing for designation of deposition testimony as confidential)).

IT IS THEREFORE ORDERED as follows:

1. Defendant's motion (D.E. 36) is ALLOWED.

2. The deposition of Dr. Vredenburgh shall be reopened for the sole purpose of examination of her regarding the identity of her medical device manufacture clientele, the medical devices on which she has consulted as to design aspects, and the designs she has recommended for each of these medical devices.

3. The reopened deposition shall be held no later than 26 January 2012, which is one week after the current date for the parties' mediation, and the discovery period, which ended on 4 November 2011 (*see* Sched. Order (D.E. 20) 1 ¶ 2), shall be reopened solely for that purpose.

SO ORDERED, this the 13th day of December 2011.

James E. Gates
United States Magistrate Judge